**LiLaw Inc.**
J. James Li, Ph.D. (SBN 202855)
Email: lij@lilaw.us
1905 Hamilton Avenue, Suite 200
San Jose, California 95125
Telephone: (650) 387-7675

Attorneys for Defendant THE WOLFF CLINIC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SOFTWAVE TISSUE REGENERATION TECHNOLOGIES, LLC, an Ohio limited liability company,

Plaintiff,

vs.

MOON POOL, LLC, d/b/a LAUNCH MEDICAL, a California limited liability company, THE WOLFF CLINIC d/b/a THE NOVUS ANTIAGING CENTER, a California corporation,

Defendants.

**Case No. 2:25-cv-08484-MCS-MAA**

**ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANT THE WOLFF CLINIC, dba, THE NOVUS ANTIAGING CENTER**

Defendant The Wolff Clinic d/b/a The Novus Anti-Aging Center ("Novus" or "Defendant"), by and through undersigned counsel, answers Plaintiff SoftWave Tissue Regeneration Technologies, LLC's ("Plaintiff" or "SoftWave") First Amended Complaint ("FAC") as follows.

Pursuant to Fed. R. Civ. P. 8(b), Defendant denies each and every allegation not expressly admitted.

## I. GENERAL RESPONSES

### A. Parties & Jurisdiction (¶¶ 1–7)

Novus admits it is a California corporation doing business as The Novus Anti-Aging Center, that this Court has personal jurisdiction over it for all claims asserted, and that venue is proper for all claims. Novus denies the remaining allegations.

## II. RESPONSES TO SUBSTANTIVE ALLEGATIONS

### A. Prior Litigation / Settlement (¶¶ 8–10)

Novus lacks information to either deny or admit the allegations and thus denies the same.

### B. Accused Product Allegations (¶¶ 11–22)

Novus admits that it once provided information on its website regarding a product referred to as "The Phoenix," and that it had an agreement with Launch Medical to sell Phoenix. Novus no longer sells Phoenix.

Novus denies the remaining allegations. Novus specifically denies that it makes, manufactures, designs, or controls the accused device; denies that it practices any

patented method; denies infringement; and denies all technical characterizations of the accused product.

### C. Plaintiff's Business and Patents (¶¶ 23–37)

Novus lacks knowledge sufficient to admit or deny Plaintiff's internal business, research, or patent-portfolio allegations and therefore denies them. Novus specifically denies that any asserted patent is valid, enforceable, or infringed.

## III. RESPONSES TO COUNTS ASSERTED AGAINST NOVUS

### A. COUNT II – Patent Infringement re: U.S. Patent No. 7,601,127 ("'127 Patent") (¶¶ 45–86)

Denied. Novus does not directly infringe, induce infringement, or contribute to infringement of any claim of the '127 Patent. Novus lacks the requisite intent, knowledge, and control to support indirect infringement and denies willfulness.

### B. COUNT II (Misnumbered in FAC) – Patent Infringement re: U.S. Patent No. 8,535,249 ("'249 Patent") (¶¶ 87–111)

Denied. Novus denies direct, indirect, contributory, and induced infringement and denies entitlement to damages or injunctive relief.

### C. COUNT III – Patent Infringement re: U.S. Patent No. 7,841,995 ("'995 Patent") (¶¶ 112-131)

Denied. Novus denies infringement under any theory and denies that the accused activities meet any asserted claim limitation.

## IV. AFFIRMATIVE DEFENSES

Novus asserts the following Affirmative Defenses without assuming any burden it does not otherwise bear:

### A. General Defenses

#### 1. Failure to State a Claim

The FAC fails to plead facts sufficient to establish infringement, inducement, willfulness, damages, or entitlement to equitable relief.

#### 2. No Direct Infringement

Novus does not perform any claimed method steps and does not make, use or sell any infringing apparatus.

#### 3. No Indirect Infringement

Plaintiff fails to plead facts establishing knowledge of the patents, specific intent to induce infringement, or lack of substantial non-infringing uses.

#### 4. No Willfulness

Plaintiff fails to plead pre-suit knowledge and egregious misconduct as required under *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 579 U.S. 93 (2016)

#### 5. Lack of Standing / Defective Chain of Title

Plaintiff lacks standing to assert claims for all alleged damages periods and/or all asserted patents.

#### 6. Patent Exhaustion / Implied License

Plaintiff's claims are barred in whole or in part by exhaustion and/or implied

license principles.

**7. Equitable Estoppel / Unclean Hands**

Failure to Mitigate Damages

**8. Medical Practitioner / Intermediary Defense**

To the extent Plaintiff seeks to impose liability based on third-party or patient conduct, such claims are barred by lack of direction or control.

**B. PATENT-SPECIFIC INVALIDITY DEFENSES**

**1. U.S. Patent No. 7,601,127 ("'127 Patent") (Asserted Claims: 1, 3, 7)**

The asserted claims of the '127 Patent are invalid, including but not limited to the following grounds:

a. § 101 – Patent-Ineligible Subject Matter

Claims 1, 3, and 7 are directed to abstract ideas and/or natural biological responses (e.g., stimulating tissue responses) without a patent-eligible inventive concept.

b. § 102 – Anticipation

Each asserted claim is anticipated by prior art shockwave therapy methods and devices disclosed in pre-priority references, including but not limited to clinical ESWT publications and prior patents covering genital tissue stimulation.

c. § 103 – Obviousness

Claims 1, 3, and 7 would have been obvious to a person of ordinary skill in the art in view of combinations of known ESWT/Li-ESWT references, including prior

genital, vascular, and orthopedic shockwave treatments.

d. § 112(a) – Lack of Written Description / Enablement

The ’127 Patent fails to adequately describe or enable the full scope of the asserted claims, including claimed energy ranges, focal characteristics, and biological effects.

e. § 112(b) – Indefiniteness

Key claim terms such as “stimulating,” “avoiding tissue damage,” “low energy density,” and “absence of cavitation” are indefinite.

**2. U.S. Patent No. 8,535,249 (“’249 Patent”) (Asserted Claims: 1, 20)**

a. § 102 – Anticipation

Claims 1 and 20 are anticipated by prior art shockwave devices disclosing housings, applicators, exit windows, and energy ranges substantially identical to those claimed.

b. § 103 – Obviousness

The asserted apparatus claims are obvious combinations of known ESWT device structures and known therapeutic energy parameters.

c. § 112(a) – Lack of Enablement

The patent fails to enable the full scope of claimed power densities and tissue reactions without undue experimentation.

d. § 112(b) – Indefiniteness

Terms such as “nearly plane,” “off target,” and “tissue reaction” lack objective

boundaries.

**3. U.S. Patent No. 7,841,995 ("'995 Patent") (Asserted Claims: 1, 3)**

a. § 101 – Patent-Ineligible Subject Matter

Claims are directed to observing and applying natural biological effects of shockwaves without an inventive concept.

b. § 102 – Anticipation

Prior art references disclose identical methods of applying acoustic shockwaves to tissue at claimed energy levels.

c. § 103 – Obviousness

The asserted method claims are obvious in light of combinations of prior ESWT references covering tissue stimulation.

d. § 112(a) – Written Description / Enablement Failures

e. § 112(b) – Indefiniteness

C. Reservation of Rights

Novus reserves the right to assert additional defenses, including additional invalidity grounds and prior art, as discovery and claim construction proceed.

## V. <u>PRAYER FOR RELIEF</u>

Novus respectfully requests that the Court:

- Dismiss all claims against Novus with prejudice;
- Enter judgment in Novus's favor;
- Award Novus its costs and attorneys' fees under 35 U.S.C. § 285;

- Deny all injunctive and enhanced-damages relief; and
- Grant such further relief as the Court deems just.

## VI. JURY DEMAND

Novus demands a jury trial on all issues so triable.

Date: January 28, 2026

/s/ J. James Li

J. James Li, Ph.D.
LiLaw Inc.
Counsel for Defendant NOVUS ANTIAGING CENTER